So Ordered.

Signed this 4 day of October, 2019.

_____

Margaret Cangilos-Ruiz

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case Nos. |
| CENTERSTONE LINEN SERVICES, LLC, | ) 18-31754 (main case) |
| ATLAS HEALTH CARE LINEN SERVICES CO., LLC, | ) 18-31753 |
| ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC, | ) 18-31755 |
| ALLIANCE LAUNDRY AND TEXTILE SERVICE OF | ) 18-31756 |
| ATLANTA, LLC, and | ) |
| ALLIANCE LTS WINCHESTER, LLC | ) 18-31757 |
| d/b/a Clarus Linen Systems[1], | ) |
| | ) Chapter 11 Cases |
| Debtors. | ) Jointly Administered |

**ORDER RESOLVING DEBTORS' OBJECTION TO ALLOWANCE
AND CLASSIFICATION OF CLAIM UNDER 11 U.S.C. § 503(b)(9)
AND TO ALLOWANCE OF DUPLICATE CLAIMS FILED BY
<u>AMERICAN ASSOCIATED COS., INC.</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892).

3422671.4

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), having filed an Objection to the Proofs of Claim filed by American Associated Cos. Inc. ("AACO") in the Debtors' cases and seeking the entry of an order (i) reclassifying that portion of Proof of Claim No. 34 filed in the case of Centerstone Linen Services LLC, d/b/a Clarus Linen Systems in the amount of $140,191.26 from an administrative expense claim under 11 U.S.C. § 503(b)(9) to a non-priority general unsecured claim, and (ii) disallowing four duplicate Proofs of Claim filed in the Debtors' other cases in their entirety (the "Objection");

**NOW**, upon reading and filing the Order Reducing Time for Notice of Debtors' Objection to Allowance and Classification of Claim Under 11 U.S.C. § 503(b)(9) and to Allowance of Duplicate Claims Filed by American Associated Cos., Inc. entered on August 27, 2019, the Debtors' Objection to Allowance and Classification of Claim Under 11 U.S.C. § 503(b)(9) dated August 26, 2019 and the Affidavit of Marc E. Yonkers, sworn to the 27th day of August, 2019 in support of the relief requested; and upon reading and filing the Affidavit in Opposition to Motion Objecting to Administrative Claim by Larry Mallam, sworn to the 17th day of September, 2019 and the Affidavit in Opposition to Debtors' Objection to Administrative Claim by Brenda Tymecki, sworn to the 17th day of September, 2019 in opposition to the relief requested; and the Court having held a hearing concerning the Objection on September 19, 2019 in Syracuse, New York; and the Debtors having appeared by Bond, Schoeneck & King, PLLC (Stephen A. Donato, Esq. and Camille W. Hill, Esq., of counsel); and AACO having appeared by Costello, Cooney & Fearon, PLLC (Anthony R. Hanley, Esq. and Alexandra L. Condon, Esq., of counsel) and Larry Mallam; and the parties having resolved the issues raised in the Objection as set forth on the record at the hearing; and upon due deliberation of the Court and good cause therefor, it is hereby

**ORDERED**, that the Objection is resolved as set forth herein; and it is further

**ORDERED**, that all filed and scheduled claims by AACO against any of the Debtors are hereby waived and withdrawn in their entirety, including, without limitation (i) Proof of Claim No. 34 filed by AACO in the case of Centerstone Linen Services LLC, d/b/a Clarus Linen Systems, (ii) Proof of Claim No. 16 filed by AACO in the case of Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems, (iii) Proof of Claim No. 15 filed by AACO in the case of Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems, (iv) Proof of Claim No. 5 filed by AACO in the case of Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems, (v) Proof of Claim No. 6 filed by AACO in the case of Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems, and (vi) any claims on account of the Settlement Payment (defined below); and it is further

**ORDERED**, that the Clerk of the Bankruptcy Court shall strike the claims referenced in (i) – (v) above (collectively, the "Proofs of Claim") from the Claims Registers in the Debtors' Chapter 11 Cases; and it is further

**ORDERED**, that, no later than October 15, 2019, AACO shall pay the sum of $125,000.00 (the "Settlement Payment") to the Debtors (or to the Liquidating Trustee, to the extent the Effective Date, as defined in the Debtors' Amended Joint Chapter 11 Plan of Liquidation Dated August 20, 2019 [Docket No. 574] (the "Plan"), has occurred); and it is further

**ORDERED**, that in exchange for the Settlement Payment, the Debtors, the Liquidating Trustee[2], and the Committee hereby release all claims and causes of action that they individually or together may have against AACO (i) under the Bankruptcy Code or non-bankruptcy law, (ii)

---

[2] Capitalized terms not expressly defined herein have the meaning ascribed to them in the Plan.

3422671.4

relating to the Proofs of Claim, or (iii) relating to linen products sold by AACO to the Debtors or the Debtors' Estates; and it is further

**ORDERED**, that the Court acknowledges HSBC Bank's consent to release all claims and causes of action it has against AACO seeking to enforce its lien or security interest on linen sold by AACO to the Debtors or the Debtors' Estates which are, or will be, the subject of a Recovery Action, and subject to the terms of the confirmed Plan, reserves its rights with respect to all other parties; and it is further

**ORDERED**, that neither the releases afforded to AACO, nor this Order, shall serve to operate as (1) a novation, termination or discharge of any (A) agreement between (i) the Debtors, the Liquidating Trustee, the Committee, or any of their affiliates, predecessors, successors and assigns (hereinafter, collectively, the "Debtor Parties") and (ii) AACO, or (B) agreement between (i) the Debtor Parties or AACO and (ii) any other persons, entities, parties or joint obligors, or their heirs, affiliates, predecessors, successors or assigns (hereinafter, collectively, the "Other Parties"); or (2) a release of any obligations, duty or debt owed to the Debtor Parties or AACO by Other Parties, jointly or severally, and neither the releases afforded to AACO herein nor this Order shall serve to affect, impair, impede, reduce, limit, discharge, release, waive, or relinquish any rights, remedies, claims causes of action, debts, or damages that the Debtor Parties may have against or seek to recover from Other Parties, all of which are hereby expressly reserved; and it is further

**ORDERED**, that the Court shall retain jurisdiction concerning all matters arising in connection with the implementation of this Order.

# # #