

200 West 41st Street
17th Floor
New York, NY 10036-7203
Telephone (212) 972-3000
Telefax (212) 972-2245
WWW.KLESTADT.COM

Sean C. Southard
Direct: (212) 679-5320
Email: SSOUTHARD@KLESTADT.COM

May 13, 2020

**Via ECF and Email**
Hon. Margaret M. Cangilos-Ruiz
Chief Judge of the U.S. Bankruptcy Court
For the Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

  Re: **Centerstone Linen Services, LLC, et al., ("Debtors")**
    **Jointly Administered Case No. 18-31757 ("Cases")**
    **Liquidating Trust Concerns Over Use of Funds**

Your Honor:

  This firm is representing[1] Ryniker Consultants, LLC, as Liquidating Trustee[2], for the limited purpose of addressing a dispute over the proposed use of certain funds in order to partially satisfy any final fees that may be awarded by this Court following the hearings scheduled for May 14, 2020 in the above-captioned Cases.

  Although the Liquidating Trustee does not object to or even take a position as to the reasonableness of fees to be awarded to professionals in the aggregate, he feels compelled to advise the Court concerning a dispute that exists and which he believes should be considered by the Court when ruling on the pending final professional fee applications. Specifically, the Liquidating Trustee believes that $125,000 in proceeds of Recovery Actions now in control of counsel for the Debtors should be transferred to the Liquidating Trust as contemplated by the confirmed Plan in the Cases, instead of used to satisfy pre-confirmation fees of professionals which is the stated intention of counsel for the Debtors.

---

[1] The undersigned has applied for admission to the U.S. District Court for the Northern District of New York, but that application is still pending. Counsel is admitted in good standing in both the Southern and Eastern Districts of New York, as well as the Court of Appeals for the 2d Circuit.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Debtors' Amended Joint Chapter 11 Plan of Liquidation Dated August 20, 2019 [ECF Docket No. 574] (the "Plan").

Hon. Margaret M. Cangilos-Ruiz
Centerstone Linen Services, LLC, et al.
May 13, 2020
Page -2-

The Liquidating Trustee asserts that the proceeds of the Recovery Actions were not only expected to be paid as part of the Plan construct[3], but are necessary for him to fully and properly administer the Liquidating Trust. Obligations of the Liquidating Trust include, among other things, payment of approximately $143,000 in priority obligations, estimated tax and operational winddown costs of approximately $89,000, and estimated costs of administration of approximately $125,000. The scope of administration includes, among other things, prosecuting complex litigation claims that were assigned to the Liquidating Trust.

Relevant to the current financial status of the Liquidating Trust and fueling this dispute and his concerns about the Debtors' proposed use of the proceeds of Recovery Actions, is the reality that the Liquidating Trust has only received approximately $233,000 for the Estate Carve-Out, a sum already reduced due to Debtor's use of approximately $43,000 to make certain other priority claim distributions. In sum, without the use of proceeds of Recovery Actions, the Liquidating Trustee believes he will be underfunded and cannot be sure that he can complete all the obligations set forth in the Plan. In particular, there is now expected to be a delay and risk in payment associated with priority obligations which the Court may not have been aware of at the time of confirmation.

For all these reasons, the Liquidating Trustee respectfully submits that any Order entered by this Court in awarding final professional fee applications not permit or authorize use of the $125,000 in proceeds of Recovery Actions.

Respectfully submitted,

*Sean C. Southard*

Sean C. Southard

Cc:   Via Email
      Brian Ryniker
      Camille Hill, Esq.
      David Banker, Esq.
      Haseeb Fatmi, Esq.
      Griffin Quist, Esq.

---

[3] Section 3.3.3 of the Plan provides in relevant part that "The Debtors shall assign to the Committee and the Liquidating Trustee the Recovery Actions, which shall be prosecuted by the Liquidating Trustee in accordance with the terms of the Liquidation Trust Agreement. **The proceeds of the Recovery Actions also shall be deposited into the Liquidation Trust for the benefit of the Class 2 and Class 3 Creditors.**"